IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 DEC -6  P 1:37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ELVIS TOLBERT, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:05CV1149-T |
| BRIGGS AND STRATTON, CORPORATION, ROBERT WESPHAL in his individual capacity and official capacity as immediate area manager, HAROLD SMITH in his individual capacity and official capacity as plant manager, and Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) Jury Demand |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Elvis Tolbert, Plaintiff, and for his complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## JURISDICTION

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e. Plaintiff is alleging a violation of his rights under Title VII of the Civil Rights Act of 1964 as amended. Plaintiff invokes this Court's pendent jurisdiction of the laws of the State of Alabama regarding intentional infliction of emotional distress.

1

## VENUE

3. Defendants are located and/or doing business within this judicial district (Middle District and the Eastern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed and continue to be committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f)(3) and 28 U.S.C. Section 1391(b) and U.S.C.A. Section 1391(b).

## PARTIES

4. The Plaintiff, Elvis Tolbert, hereinafter referred to as "Plaintiff" is a forty (41) year old African- American male resident of the United States and the State of Alabama, residing in Lee County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendants at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff was also an employee of Defendants' within the meaning of Title VII.

5. The Defendant, Briggs and Stratton Corporation, hereinafter referred to as "Briggs" is a private entity organized under the laws of the State of Alabama within Lee County, Alabama.

6. The Defendant, Robert Wesphal, hereinafter referred to as "Wesphal" was employed with Briggs at all times material hereto. Wesphal was Plaintiff's immediate area supervisor.

7. The Defendant, Harold Smith, hereinafter referred to as "Smith" is employed by Briggs as plant manager and Smith acted as plant manager at all times material hereto.

## PROCEDURAL REQUIREMENT

8. Plaintiff has fulfilled all conditions precedent to the institution of this action.

9. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

10. The incidents described below are part of discriminatory incidents which constitute a violation of Plaintiff's Title VII rights.

## NATURE OF THE CASE

11. This lawsuit is brought by Elvis Tolbert, (Plaintiff) seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discrimination involving promotion, compensation, assignments, and other terms and conditions of employment as a result of Defendants failing to remedy systemic employment discrimination on the basis of race. The practices committed, and continuing to be committed, by Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

12. Additionally, Plaintiff brings state claims for intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages allowable under the law. In addition, Plaintiff seeks claims for attorney's fees as allowed under the law and court costs and such other and further relief at law and in equity to which Plaintiff is justly entitled.

## FACTUAL BACKGROUND

13. Plaintiff is a 41 year old black male. Plaintiff began working for Briggs & Stratton Corporation (Briggs) as a temporary operator on or about 1996. In May of 1996

Plaintiff was hired as a permanent operator. In November 1996, Plaintiff was promoted to supervisor.

14. On or about February 2002, Plaintiff was called to active duty. Plaintiff returned to Briggs in July 2003. At which time, Plaintiff was assigned to a machinery department (2nd shift). October 2003, Plaintiff returned to the 1st shift machinery department.

15. December 2004, Plaintiff was terminated. The reason given to Plaintiff was "poor performance." Plaintiff has never been written up for poor performance. Plaintiff was in line for a promotion to senior supervisor. However, Plaintiff believes that Briggs hand picked the individual it wanted for the position, Roger Milby, white male. Milby was similarly situated to Plaintiff.

16. It was known that Milby was not satisfied with his position at Briggs. Milby was applying for supervisory positions outside of Briggs. Plaintiff has reason to believe that Briggs terminated him to "make room" for Milby.

17. After Plaintiff was terminated, Milby was immediately placed in the position that Plaintiff had held, and very shortly thereafter was promoted to senior supervisor, the position that Plaintiff should have received had he not been wrongfully terminated. Plaintiff believes that he has been discriminated against because of his race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

18. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through seventeen above, the same as if more fully set forth herein, and further alleges, anew.

19. In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of his race, African-American, in violation of Title VII. White employees were not, and are not treated in a similar fashion.

20. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## COUNT TWO

## PENDENT CLAIMS

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through twenty above, the same as if more fully set forth herein, and further alleges, anew.

20. In taking the above-described actions, Defendants intentionally discriminated against Plaintiff causing him severe emotional distress

21. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race;

(c) A judgment declaring Defendants liable for intentional infliction of emotional distress;

(d) All backpay and fringe benefits from the date of his wrongful denial of said promotion, with interest;

(e) Attorney's fees;

(f) Costs;

(g) Prejudgment interest; and

(h) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**

Mr. Elvis Tolbert
3501 Birmingham Highway, Apt. 1003
Opelika, AL 36801

**PLEASE SERVE Defendants BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**