IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELVIS TOLBERT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case Number:  3:05cv1149-T |
| BRIGGS AND STRATTON ) | |
| CORPORATION, ROBERT ) | |
| WESPHAL, HAROLD SMITH , ) | |
| ) | |
|    Defendants. ) | |

## MOTION TO DISMISS BY DEFENDANT HAROLD SMITH

Pursuant to Fed. R. Civ. P. 12(b)(6), individual defendant Harold Smith moves the Court to dismiss all claims against him.  "The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief."  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).  The accepted rule for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 1369 (internal citations omitted).

Plaintiff's claims against defendant Smith are based on Title VII.  Plaintiff's claims against Smith allege violations of Title VII and intentional infliction of emotional distress "as a proximate consequence of the violations of Title VII."  (Plaintiff's Complaint, paragraph 21).

The law is clear that claims under Title VII cannot be maintained against individuals. Smith v. Alabama Dep't of Corrections, 145 F. Supp. 2d 1291, 1296 (M.D. Ala. 2001) ("Title VII claims may not be maintained against individuals . . . Therefore, summary judgment is due to be granted as to the individuals on all Title VII claims asserted against them.")(citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) and Kelley v. Troy State Univ., 923 F. Supp. 1494 (M.D. Ala. 1996)); accord Shotz v. City of Plantation, 344 F.3d 1161, 1174 (11th Cir. 2003).

In Busby, the court explained that individual capacity lawsuits under Title VII are inappropriate. Busby, 931 F. 2d at 772. "The relief granted under Title VII is against the employer, not the individual employees whose actions would constitute a violation of the Act." Id.; citing Clanton v. Orleans Parish School Board, 649 F. 2d 1084, 1099 & n. 19 (5th Cir. 1981)[1]; see also 42 U.S.C. Section 2000e(b) (1988) (definition of "employer").

Plaintiff's pendent state law claim against Smith is also due to be dismissed. Based on the language of the plaintiff's Complaint, the claim against Smith for intentional infliction of emotional distress is based upon Smith's alleged violation of Title VII, and is therefore inappropriate. See 42 U.S.C. Section 2000e-2 (1988)(violation for the "employer" to discriminate). Accordingly, all claims asserted against the individual defendant Smith are inappropriate, and due to be dismissed.

Based on the above, individual defendant Harold Smith requests that all claims asserted against him in his individual capacity be dismissed with prejudice, and costs taxed to plaintiff.

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Respectfully submitted,


*/s/Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
E-Mail:  tdavis@constangy.com
Robbie Steele Martin (ASB-6845-E47R)
E-Mail:  rmartin@constangy.com
CONSTANGY, BROOKS & SMITH, LLC
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 252-9321
Facsimile:  (205) 323-7674


**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participant(s):

    Juraldine Battle Hodge, Esq.
    Law Offices of Juraldine Battle-Hodge, P.C.
    207 Montgomery Street
    Suite 215
    Montgomery, AL  36104

    /s/Thomas A. Davis
    Thomas A. Davis