IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELVIS TOLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:05cv1149-T |
| v. | ) |
| | ) |
| BRIGGS AND STRATTON | ) |
| CORPORATION, and ROBERT | ) |
| WESPHAL, HAROLD SMITH. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW** the Plaintiff by and through his attorney of record and files his objection to Defendant's Motion to Dismiss. The Plaintiff shows unto the Court as follows:

### I. STATEMENT OF THE FACTS

On December 6, 2005, the Plaintiff filed his Complaint. On December 22, 2005, the Defendant filed its Answer. On December 22, 2005, the Defendant also filed a Motion to Dismiss by Defendant Harold Smith. Said motion was granted. On March 16, 2006, the Defendant filed its Motion for Clarification. On March 17, 2006, this Honorable Court filed its Order granting Defendant's motion for clarification and set Defendant's motion to dismiss for submission without oral argument on March 24, 2006. On March 27, 2006, the Plaintiff filed leave for time to file his objection to Defendant's motion to dismiss. On March 28, 2006, this Honorable Court granted Plaintiff's motion and re-set submission deadlines for April 10, 2006.

The Plaintiff was terminated in December 2004. The reason given to Plaintiff was "poor performance." Plaintiff was never written up for poor performance. Plaintiff was in line for a promotion to senior supervisor when he was terminated. Plaintiff believes that Briggs hand picked

the individual it wanted for the position, Roger Milby, white male. Milby was similarly situated to Plaintiff.

The manner in which the Defendant terminated the Plaintiff caused him severe emotional distress, resulting in a Title VII violation and a state claim of intentional infliction of emotional distress. After Plaintiff was terminated, Milby was immediately placed in the position that Plaintiff had held, and very shortly thereafter was promoted to senior supervisor, the position that Plaintiff should have received had he not been wrongfully terminated.

## II. ARGUMENTS AND SUPPORTING AUTHORITIES

A motion to dismiss is "a motion requesting that a complaint be dismissed because...[it] is in some way legally insufficient..." Black's Law Dictionary, 6th ed., 1014 (1990). The Defendant argues that Count Two of Plaintiff's Complaint is "merely a restatement of Count One alleging race discrimination" and "there is no legal basis for Count Two of the Complaint." (See Defendant's Motion for Calcification, par 1 and 3).

Plaintiff will show this Honorable Court that Count Two is not merely a restatement of Count One and that there is a legal basis for Count Two and as a result is not due to be dismissed. Count One is a federal claim and Count Two is a state claim. These are clearly two separate claims.

It is well within this Honorable Court's discretion to hear state claims based on pendent jurisdiction. Count Two of Plaintiff's Complaint is a state claim of intentional infliction of emotional distress. This circuit allows a federal district court to hear state claims if the Plaintiff can show (1) that the state and federal claims derive from a common nucleus of operative facts and (2) the Court's exercise of pendent jurisdiction as stated in United Mine Workers v. Gibbs, 383 U.S. 715, 725(1966) has been met.

**Common Nucleus of Facts**

Count I and Count Two are both borne out of the same set of facts. But for the Defendant terminating Plaintiff in violation of Title VII, he would not have suffered intentional infliction of emotional distress. Moreover, the set of facts for the two claims are the same.

Clearly, the Plaintiff has a state claim for intentional infliction of emotional distress. Since Count One is properly before the Court it is only proper that this Honorable Court exercises pendent jurisdiction. "A refusal to exercise pendent jurisdiction in this case would require substantially duplicative proceedings in state and federal court since the federal and state claims arise out of a common nucleus of operative fact. Overall, the considerations of judicial economy, convenience, and fairness to litigants as well as to other participants justifies the exercise of pendent jurisdiction." *Wimberly v. Shoney's, Inc. and David Zvonar*, No. CV584-098, 4 (1985).

**Exercise of Pendent Jurisdiction has been Met**

Plaintiff was terminated in violation of Title VII based on race discrimination. Plaintiff timely filed his claim with the Equal Employment Opportunity Commission. After Plaintiff received his Notice of Right to Sue, he timely filed his Complaint. As a result, this case is properly before this Court and as such this Honorable Court may exercise pendent jurisdiction over the state claim. In *Wimberly*, the plaintiffs filed a sexual discrimination case in violation of Title VII. Like this case, the Plaintiff also brought a state claim of intentional infliction of emotional distress and the court exercised pendent jurisdiction. This Court ruled that, "Since this Court has the power and discretion under the pendent jurisdiction doctrine to try the state law claims alleged in this civil action along with the Title VII claim, defendant Shoney's is not entitled to a partial judgment of the pleadings." *Wimberley* at 5.

Plaintiff shows that his state and federal claims derive from a common nucleus of operative facts. As a result, the requirements for the Courts's exercise of pendent jurisdiction as stated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) have been met." The federal Title VII claim is one of substance and both claims (federal and state) arose out of the same set of operative facts. Therefore, the requirements of pendent jurisdiction have been met.

**WHEREFORE, THE PREMISES CONSIDERED,** the Plaintiff shows that since Count One is a federal claim and Count Two is a state claim arising out of the same facts and pendent jurisdiction has been met per *Gibbs*, Count Two is legally and properly before this Honorable Court. Further, the Plaintiff respectfully prays that this Honorable Court will not dismiss Count Two of Plaintiff's Complaint.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)
Attorney for the Plaintiff

OF COUNSEL:

**LAW OFFICE OF JURALDINE BATTLE-HODGE, P.C.**
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
(334) 262-1177
(334) 263-5569 Fax

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsels of record on April 10, 2006, by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

Thomas A. Davis
Robbie Steele Martin
CONSTANGY, BROOKS & SMITH, LLC
Suite 1410, AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

_____
OF COUNSEL