IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELVIS TOLBERT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: |
| | )   3:05cv1149-MHT |
| | ) |
| BRIGGS AND STRATTON | ) |
| CORPORATION, ROBERT | ) |
| WESPHAL, HAROLD SMITH, | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant Briggs and Stratton Corporation ("Briggs & Stratton") hereby submits its Reply To Plaintiff's Objection To Defendant's Motion To Dismiss. In support of its Reply, defendant states as follows:

There is no legal basis for Count Two of plaintiff's Complaint. In <u>Wal-Mart v. Smitherman</u>, 872 So. 2d 833, 836 (Ala. 2003), the Court indicated that, in Alabama, a claim for intentional infliction of emotional distress is "really a claim for the tort of outrage." Alabama courts have recognized the tort of outrage as a "very limited cause of action that is available only in the most egregious circumstances." <u>Lees v. Sea Breeze Health Care Center Inc, et al.</u>, 391 F. Supp. 2d 1103, 1106 (S.D. Ala. 2005). Specifically, the Supreme Court of Alabama has

1

allowed such a tort claim in only three limited circumstances: (1) wrongful conduct in the context of family burials; (2) barbaric means to coerce a settlement; and (3) egregious sexual harassment. <u>Carter v. Harris</u>, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999).

Plaintiff's allegations do not come close to fitting within any of the limited circumstances that would give rise to a claim for the tort of outrage as articulated by the Supreme Court of Alabama. More importantly, in response to defendant's Motion To Dismiss, plaintiff does not dispute this fact. Instead, plaintiff only explains why this Court can exercise pendent jurisdiction over plaintiff's outrage claim.

Plaintiff has failed to demonstrate that there is a legal basis for his outrage claim. Defendant is not questioning whether this Court can exercise pendent jurisdiction over plaintiff's outrage claim. Instead, defendant asserts that the facts alleged in Count Two of plaintiff's Complaint do not meet the legal definition of outrage, and, therefore, are due to be dismissed.

Plaintiff wants this Court to ignore legal precedent and the great weight of legal authority. Plaintiff's outrage claim rests solely on the fact that he was allegedly terminated because of his race and his termination caused him emotional distress. As most people, plaintiff may have suffered some emotional distress from losing his job. Nonetheless, when the facts surrounding an employee's termination

do not fall squarely within those limited circumstances set out by the Supreme Court of Alabama, the courts refuse to find that an employer is guilty of outrageous conduct for simply discharging an at-will employee. Wal-Mart v. Smitherman, 872 So. 2d 833, 840 (Ala. 2003). Based on the foregoing, Count Two of plaintiff's Complaint is due to be dismissed with prejudice, costs taxed to plaintiff.

Furthermore, Count Two of plaintiff's Complaint is merely a restatement of Count One. Count Two of plaintiff's Complaint alleges "Defendants intentionally discriminated against plaintiff causing him severe emotional distress. . .As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered. . ." (Plaintiff's Complaint, Paragraphs 20-21). Again, instead of demonstrating that Counts One and Two of plaintiff's Complaint are not duplicative, plaintiff explains why this Court can exercise pendent jurisdiction over plaintiff's outrage claim. As Count Two does not add any additional facts or allegations to plaintiff's Complaint, it is redundant and due to be dismissed with prejudice, costs taxed to plaintiff.

Respectfully submitted this 20th day of April, 2006.

   /s/ Tamula R. Yelling
Thomas A. Davis (ASB-5877-S56T)
E-Mail: tdavis@constangy.com
Tamula R. Yelling (ASB-9447-E61T)
E-Mail: tyelling@constangy.com
**CONSTANGY, BROOKS AND SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-9321
Facsimile: (205) 323-7674

**Counsel for Defendant**

# CERTIFICATE OF SERVICE

I hereby certify that on April 20th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participant(s) as follows:

Juraldine Battle Hodge, Esq.
Law Offices of Juraldine Battle-Hodge, P.C.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
E-Mail: battleb@bellsouth.net

   /s/ Tamula R. Yelling
Counsel of Record

4