IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ELVIS TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:05cv1149-MHT |
| | ) | |
| BRIGGS AND STRATTON | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF HAROLD SMITH

My name is Harold Smith. I am the Plant Manager at Briggs & Stratton's Auburn, Alabama plant. I am aware of the lawsuit filed by Elvis Tolbert, and this Declaration is based on my personal knowledge.

1. In December of 2004, Robert Westphal was the Area Manager over Iron Machining, and Elvis Tolbert was one of seven (7) coaches (also known as "Team Leaders") under Mr. Westphal's supervision.

2. Coaches are exempt, salaried supervisors who have direct responsibility for the daily supervision of hourly employees. Coaches are responsible for training hourly employees, ensuring that hourly employees understand the technical process, making certain that hourly employees understand

65580.1

the process in order to support quality production and guaranteeing that hourly employees follow policies and procedures.

3. I was aware of Mr. Tolbert's performance during his employment at Briggs. Although I received most of the information concerning Mr. Tolbert's performance from Mr. Westphal, I also observed Mr. Tolbert's performance and counseled him on not being an effective leader. Mr. Tolbert either could not or refused to enforce Briggs' policies and procedures. For example, Mr. Tolbert's hourly employees were supposed to prepare machines for operation and repair and maintain the machines. However, when machines went down, Mr. Tolbert did not require a quick response from his hourly employees. Instead of mobilizing his employees, I observed Mr. Tolbert often performing the work himself.

4. Toward 2004, sales and production schedules required Iron Machining to improve its quality and production. Although Mr. Westphal and I had meetings about production goals, unidentified baskets and unidentified parts with my coaches, Mr. Tolbert failed to improve in these areas. The failure to identify parts and baskets created accounting issues. All parts should be identified (*i.e.*, tagged and labeled) as defective, work in progress, good, etc. From an accounting standpoint, if a part has not been identified, the company does not know how to classify the cost of the part (*i.e.*, scrap costs or costs of engine). More importantly, failing to identify parts is a safety problem. Employees would

sometimes create parts and place them in a basket within the area. Without proper labeling, no one would know whether the part was defective. If a defective part went on to assembly, it could cause a malfunction and seriously harm an employee or a customer.

5. In early December 2004, Mr. Westphal recommended the termination of Mr. Tolbert to me. In response, I asked Mr. Westphal whether he had counseled Mr. Tolbert about his performance. Mr. Westphal stated that he had repeatedly counseled Mr. Tolbert about production goals for his area and improving his communication with management about production schedules, but his performance had not improved. So, when I asked Mr. Westphal to give me a list of Mr. Tolbert's performance deficiencies, Mr. Westphal provided me with a list of several of the most recent issues that he had with Mr. Tolbert's performance.

6. The normal practice in terminating a salaried employee is for the employee's supervisor to gather all of the necessary information and consult with me, human resources manager and our legal department. To my knowledge, this procedure was followed in deciding whether to terminate Mr. Tolbert.

7. To my knowledge, no Briggs' employee has discriminated against Mr. Tolbert because of his race.

8. Furthermore, I deny that I have ever discriminated against Mr. Tolbert because of his race.

65580.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 26th day of October, 2006.

*Harold Smith*
———————————————
Harold Smith

65580.1