# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ELVIS TOLBERT,      )
                    )
    Plaintiff,      )
                    )
v.                  )
                    )   Case Number: 3:05cv1149-T
BRIGGS AND STRATTON )
CORPORATION, et al.,)
                    )
    Defendants.     )

## DEFENDANT BRIGGS AND STRATTON CORPORATION ANSWER TO COMPLAINT AND PARTIAL MOTION TO DISMISS COUNT TWO

Defendant Briggs and Stratton Corporation ("Briggs" or "defendant") answers[1] the allegations of the Complaint as follows:

1. Plaintiff's Complaint has no number 1.

2. Defendant admits plaintiff seeks to invoke the jurisdiction of this court, but denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits it operates a Plant in Auburn, Alabama, and that plaintiff seeks to invoke the venue of this Court. All other allegations in Paragraph 3 of the Complaint are denied.

4. Defendant admits it employed plaintiff at its Auburn, Alabama plant from May 20, 1996 to December 10, 2004. Defendant further admits plaintiff is an African-American

---

[1] Defendant Harold Smith has filed contemporaneously a Motion To Dismiss. Defendant Robert Wesphal is no longer employed by defendant Briggs and Stratton and has not been served.

male; but is without knowledge as to plaintiff's present residence address. All other allegations in Paragraph 4 of the Complaint are denied.

5. Defendant admits it operates a Plant in Auburn, Alabama, but denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits it employed Robert Wesphal from November 26, 1996 to November 26, 2005. Wesphal was plaintiff's Area Manager at the time of his termination. All other allegations in Paragraph 6 of the Complaint are denied.

7. Defendant admits it employed Harold Smith from May 15, 2000, to the present as a Plant Manager. All other allegations in Paragraph 7 of the Complaint are denied.

8. Defendant admits plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 25, 2005, and that the EEOC dismissed the Charge, finding no violation of any statute, on September 6, 2005. All other allegations in Paragraphs 8, 9, and 10 of the Complaint are denied.

9. Defendant admits plaintiff filed the lawsuit. All other allegations in Paragraphs 11 and 12 of the Complaint are denied.

10. Defendant admits it employed plaintiff from May 20, 1996 to December 10, 2004 at its Plant in Auburn, Alabama. Defendant further admits that during plaintiff's employment, he was selected for a Team Leader job. Also during his employment, plaintiff was called to active duty and returned to work for defendant after his military service concluded. All other allegations in Paragraphs 13, 14, 15, 16, and 17 of the Complaint are denied.

11. Paragraph 18 requires neither an admission nor a denial. Any allegation so construed is denied.

12. Defendant denies the allegations in Paragraph 19 and in the first Paragraph 20 of the Complaint.

13. The first Paragraph 21 requires neither an admission nor a denial. Any allegation so construed is denied.

14. Defendant denies the allegations in the second Paragraphs 20 and 21 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SECOND DEFENSE

Some, or all of, Plaintiff's claims are barred by the statute of limitations.

### THIRD DEFENSE

Even if a protected category was a factor in an alleged employment action, which it was not, the same decision would have been made without regard to such a factor or category.

### FOURTH DEFENSE

With regard to some of the allegations in the Complaint, plaintiff failed to satisfy the statutory administrative prerequisites and conditions precedent to the filing of the civil action under Title VII.

### FIFTH DEFENSE

The judicial complaint, or portions thereof, are beyond the scope of the underlying charge before the Equal Employment Opportunity Commission.

- 3 -

### SIXTH DEFENSE

Any recovery is limited by the amounts set forth in 42 U.S.C. § 1981a.

### SEVENTH DEFENSE

Plaintiff is not entitled to an award of punitive damages and any award is violative of the Constitution of the United States and the State of Alabama.

### EIGHTH DEFENSE

Defendant submits all actions with regard to plaintiff were made in good faith.

### NINTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise.

### TENTH DEFENSE

Plaintiff is not entitled to any award of punitive damages in that defendant implemented and maintained policies and practices designed and intended to prevent discrimination. Regardless, any award of compensatory or punitive damages is subject to the statutory limits on such damages.

### ELEVENTH DEFENSE

Plaintiff failed to mitigate his damages, if any, as required by law.

### TWELFTH DEFENSE

Plaintiff failed to state a claim on which relief can be granted.

The remainder of the Complaint contains a prayer and/or request for relief which requires neither admission nor denial. However, to the extent this is construed to allege some wrongful or discriminatory act, such construction is hereby denied. Defendant further

denies that plaintiff is entitled to any damages or relief herein. Moreover, any allegation not specifically admitted is denied.

Wherefore, having fully answered the Complaint, defendant requests the Complaint be dismissed with prejudice; that judgment be entered for defendant; and that defendant be awarded attorneys' fees herein plus such other general and equitable relief as this court deems just and appropriate.

## MOTION TO DISMISS COUNT TWO BY DEFENDANT BRIGGS AND STRATTON

Count Two of Plaintiff's Complaint alleges "Defendants intentionally discriminated against Plaintiff causing him severe emotional distress. . .As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered. . ." (Plaintiff's Complaint, Paragraphs 20-21). Count Two of plaintiff's Complaint is merely a restatement of Count One alleging race discrimination. Count Two does not add any additional facts or allegations. As such it is redundant, and due to be dismissed as duplicative.

In Wal-Mart v. Smitherman, 872 So. 2d 833, 836 (Ala. 2003), the court indicated that in Alabama a claim for intentional infliction of emotional distress is "really a claim for the tort of outrage." Alabama courts have recognized the tort of outrage as a "very limited cause of action that is available only in the most egregious circumstances." Lees v. Sea Breeze Health Care Center Inc, et al., 391 F. Supp. 2d 1103, 1106 (S.D. Ala. 2005). The Supreme Court of Alabama has allowed such a tort claim in three limited circumstances: (1) wrongful conduct in the context of family burials; (2) barbaric means to coerce a settlement; and (3) egregious sexual harassment. Carter v. Harris, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999). "That said, Alabama courts have taken pains to emphasize that an outrage claim will not lie in a mere run-of-the-mill employment dispute arising from dismissal of an employee at-

- 5 -

will." Lees, 391 F. Supp at 1101. "It would be intolerable in a civilized society to hold than an employer is guilty of outrageous conduct for merely discharging an employee at will." Smitherman, 872 So. 2d at 840.

Plaintiff's allegations do not fit within the three limited circumstances for the tort of outrage as articulated by the Alabama Supreme Court. Based on the foregoing, Count Two of plaintiff's Complaint is due to be dismissed with prejudice, costs taxed to plaintiff.

Respectfully submitted,

/s/Thomas A. Davis
Thomas A. Davis (ASB-5877-S56T)
E-Mail: tdavis@constangy.com
Robbie Steele Martin (ASB-6845-E47R)
E-Mail: rmartin@constangy.com
CONSTANGY, BROOKS & SMITH, LLC
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-9321
Facsimile: (205) 323-7674

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

  I hereby certify that on December 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participant(s):

    Juraldine Battle Hodge, Esq.
    Law Offices of Juraldine Battle-Hodge, P.C.
    207 Montgomery Street
    Suite 215
    Montgomery, AL  36104


    */s/Thomas A. Davis*
    Thomas A. Davis