IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELVIS TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 3:05cv1149-MHT |
| ) | |
| BRIGGS AND STRATTON ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S AFFIDAVIT**

Defendant Briggs and Stratton Corporation ("Briggs" or "defendant") moves the Court to strike Plaintiff Elvis Tolbert's Affidavit submitted in support of his opposition to defendant's Motion for Summary Judgment.

**I.  LEGAL STANDARD**

Rule 56(e) of the Federal Rules of Civil Procedure permits a partial or final judgment to be entered without a jury trial if a party can establish that, as to one or all of the issues in the case, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(e) mandates that a party moved against respond with affidavits, depositions or otherwise in order to reflect that there are material facts which must be presented to a jury for resolution. See Adickes v. S.H.

1

101993.1

Kress & Co., 398 U.S. 144, 159-61, 90 S.Ct. 1598, 1609-10 (1970). However, when a party has given clear answers to unambiguous deposition questions which negate existence of any genuine issue of material fact, that party cannot thereafter create such issue and thereby defeat summary judgment with an affidavit that merely contradicts, without explanation, the deposition testimony. Van T. Junkins v. U.S. Industries, Inc., 736 F.2d 656, 657 (11th Cir. 1984).

Rule 56(e) further requires that an affidavit filed in support of or in opposition to a Motion for Summary Judgment satisfy three prerequisites: (1) it must be based upon personal knowledge; (2) it must state specific facts admissible in evidence at time of trial; and (3) it must be offered by a competent affiant. It is well-settled that a purported affidavit that does not meet the standards of Rule 56(e) is subject to a timely motion to strike and should not be considered by the court in opposition to a motion for summary judgment. See McClendon v. Georgia Kaolin Co., Inc., 837 F. Supp. 1231, 1236 (M.D. Ga. 1993) (affidavit must be based on personal knowledge, set forth facts admissible into evidence, and show that the affiant is competent to testify).

With regard to the first prerequisite (*i.e.,* the affidavit must be based on personal knowledge), Rule 56(e) requires that affidavits be made on

personal knowledge rather than "beliefs." The Eleventh Circuit Court of Appeals has held "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief' – instead of only knowledge – from raising genuine issues of fact sufficient to defeat summary judgment." Pace v. Capobianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002); see also Stewart v. Booker T. Washington Ins. Co., 232 F.3d 844, 851 (11th Cir. 2000); Fowler v. Southern Bell Tel. and Tel. Co., 343 F.2d 150, 154 (5th Cir. 1965); Jameson v. Jameson, 176 F.2d 58, 60 (D.C. Cir. 1949). In addition, inferences and opinions in affidavits must be based on first hand observations or personal experience. Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003); Buchanan v. City of Bolivar, 99 F.3d 1352, 1355 n.2 (6th Cir. 1996); Visser v. Packer Eng'g Assocs., Inc., 924 F.2d 655, 659 (7th Cir. 1991).

The second prerequisite of Rule 56(e) requires that affidavits state specific facts admissible in evidence at trial. See Soles v. Board of Comm'rs of Johnson County, 746 F. Supp. 106, 110 (S.D. Ga. 1990) (citing Sires v. Luke, 544 F. Supp. 1155 (S.D. Ga. 1982); Samuels v. Doctors Hosp., Inc., 588 F.2d 485, 486 n.2 (5th Cir. 1979)). Bald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact. See Evers v. General Motors Corp.,

3

101993.1

770 F.2d 984, 986 (11th Cir. 1985). Citing Rule 56(e), federal courts consistently have held that affidavits in support of or in opposition to a summary judgment motion cannot contain hearsay statements or subjective opinions of the affiant. See Offshore Aviation v. Transcon Lines, Inc., 831 F.2d 1013, 1016-17 (11th Cir. 1987) (Edmondson, J., concurring); Carey v. Beans, 500 F. Supp. 580, 583 (E.D. Pa. 1980), aff'd, 659 F.2d 1065 (3rd Cir. 1981) ("[A]ffidavits must be made on personal knowledge [and be] devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions.") (internal citations omitted).

The third prerequisite of Rule 56(e) necessitates that the affiant is competent to testify as to the facts contained in the affidavit. See Lantec, Inc. v. Novell, Inc., 306 F.3d 1003, 1019 (10th Cir. 2002); Markel v. Bd. of Regents of University of Wisconsin System, 276 F.3d 906, 912 (7th Cir. 2002).

## II. GROUNDS FOR THE MOTION

In support of his opposition to defendant's Motion for Summary Judgment, plaintiff has submitted an Affidavit. Many of the statements contained in the Affidavit are inconsistent with plaintiff's prior deposition testimony or based on plaintiff's subjective opinions, not personal

knowledge. As such, these statements are inadmissible and due to be stricken.

A. **Plaintiff Cannot Make A *Prima Facie* Case Of Discriminatory Discharge**

Other than plaintiff's own belief that his performance was good, he does not have any evidence demonstrating that defendant believed he was performing satisfactorily in his position. (Exhibit 1, Pl. Depo. pp. 128:23-130:17). In his Affidavit, plaintiff implies that his 8½ years as a supervisor with Briggs proves that he was qualified for his position. (Tolbert Aff. ¶ 18). Plaintiff's statement lacks the requisite factual support to be admissible. Further, the statement is not based on plaintiff's personal knowledge, and it is therefore due to be stricken.[1]

Instead, the evidence shows that plaintiff was <u>repeatedly</u> counseled about his performance, but he failed to improve. (Exhibit 1, Pl. Depo. pp. 109:8-110:3; Exhibit 2, Smith Depo. pp. 30:23-35:20, 42:18-43:7; Exhibit 3,

---

[1] In addition, plaintiff's total length of service with defendant is irrelevant. Plaintiff did not work in the same area or department throughout his employment with defendant, and he did not perform the same duties or hold the same responsibilities throughout his employment. (Exhibit 1, Pl. Depo. pp. 38:13-21, 61:10-62:1, 64:17-65:9). In fact, plaintiff worked in the flywheel department for approximately 15 months prior to his termination, and he was under Mr. Westphal's supervision for only nine months prior to plaintiff's termination. (Exhibit 1, Pl. Depo. pp. 27:7-22, 61:10-62:1, 64:17-65:9, 68:22-69:7; Exhibit 4, Beasley Decl. ¶ 3).

5

Smith Decl. ¶¶ 3-5; Exhibit 5, Westphal Decl. ¶ 5).[2]  As plaintiff cannot prove that he was qualified for his position, his *prima facie* case fails as a matter of law.  See <u>Baker v. Sears, Roebuck & Co.</u>, 903 F.2d 1515, 1520-21 (11th Cir. 1990) (plaintiff was not qualified for her job and therefore could not establish a *prima facie* case of discrimination when plaintiff failed to

---

[2] In his affidavit, plaintiff states that he was never individually counseled for any performance problems but was only counseled in group meetings.  (Tolbert Aff. ¶ 11).  Not only is this distinction irrelevant, but defendant has presented evidence that plaintiff was individually counseled about his performance.  (Exhibit 5, Westphal Decl. ¶ 5).  Notwithstanding, plaintiff's performance failed to improve.  (Exhibit 5, Westphal Decl. ¶ 5).  Although there were issues on all of the shifts, the problems were not as great as those exhibited on plaintiff's shift.  (Exhibit 2, Smith Depo. pp. 34:2-35:20).

In fact, during the first week of December of 2004, Mr. Westphal asked plaintiff to write a list of items that needed to be improved in his area.  (Exhibit 1, Pl. Depo. pp. 96:2-14, 101:11-15, 147:12-148:8 and Exh. 3 to Exhibit 1, Pl. Depo.; Exhibit 5, Westphal Decl. ¶ 7).  In response, plaintiff wrote a list, itemizing 127 deficiencies that he observed.  (Exhibit 1, Pl. Depo. pp. 101:19-102:14 and Exh. 4 to Exhibit 1, Pl. Depo.; Exhibit 5, Westphal Decl. ¶ 7).  Plaintiff's affidavit implies that he wrote that list more than a year before his termination.  (Tolbert Aff. ¶ 10).  However, this statement is inconsistent with plaintiff's prior deposition testimony.  When questioned about the EEOC's findings concerning the list of deficiencies during his deposition, plaintiff disputed the findings concerning his performance but <u>never</u> disputed the date that the list was created:

> Q:  Let's look at number four.
> A:  Uh-huh.
> Q:  Do you remember – do you have any disagreements with number four?
> A:  I don't remember having – well, okay, yes.  He asked about what we could do to improve.
> Q:  Okay.
> A:  Now, standard of performance, no.
> (Exhibit 1, Pl. Depo. pp. 96:2-20, 101:9-102:14, 147:12-148:8 and Exh. 3 to Exhibit 1, Pl. Depo.).

As such, any statement in plaintiff's Affidavit concerning the same is inconsistent with his prior deposition testimony and due to be stricken.  <u>Van T. Junkins v. U.S. Industries, Inc.</u>, 736 F.2d 656, 657 (11th Cir. 1984).

6

meet the employer's performance expectations over an extended period of time).

In an effort to prove his *prima facie* case, plaintiff has also attempted to argue that he was replaced with someone outside of the protected class – Mr. Milby (white). However, it is undisputed that Mr. Milby did not replace plaintiff. (Exhibit 2, Smith Depo. pp. 82:10-20; Exhibit 4, Beasley Decl. ¶¶ 7-9). Prior to his termination, a portion of plaintiff's duties were assumed by Mr. Covington, a black male. (Exhibit 4, Beasley Decl. ¶ 9; Exhibit 5, Westphal Decl. ¶ 6). When plaintiff was terminated, his remaining duties were assumed by Mr. Milby. (Exhibit 2, Smith Depo. pp. 82:10-20; Exhibit 4, Beasley Decl. ¶ 9). Mr. Milby was already in a higher position than plaintiff. (Exhibit 2, Smith Depo. pp. 77:12-78:7, 78:15-81:2, 81:19-82:4; Exhibit 4, Beasley Decl. ¶ 8). Mr. Milby took over plaintiff's remaining duties, while continuing to serve in his role as a resource for all three (3) shifts in Iron Machining. (Exhibit 2, Smith Depo. pp. 82:10-20; Exhibit 4, Beasley Decl. ¶¶ 8-9). This establishes that plaintiff's Affidavit is not based on his personal knowledge.

Further, plaintiff cannot demonstrate that he was treated less favorably than persons outside of his protected class. (Exhibit 1, Pl. Depo. pp. 130:22-131:6). Plaintiff cannot identify any employee – black or white – who had

similar, if any, performance problems but was not terminated. See <u>Burke-Fowler v. Orange County, Florida</u>, 447 F.3d 1319, 1323-1325 (11th Cir. 2006) (<u>citing</u> <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1368 (11th Cir. 1999) (affirming summary judgment on disparate treatment claim because comparators did not engage in misconduct that was "nearly identical" to misconduct committed by plaintiff)). Indeed, plaintiff ignores the fact that other black coaches in his area were not terminated for problems in the area, while plaintiff and Mr. Fluharty were terminated for the same.[3]

In his Affidavit, plaintiff also insinuates that Mr. Milby was treated more favorably than plaintiff. (Tolbert Aff. ¶ 4). However, plaintiff ignores

---

[3] During the termination meeting, Mr. Beasley told plaintiff that others were going to be held accountable for problems as well. (Exhibit 4, Beasley Decl. ¶ 5). Thereafter, defendant terminated Mr. Fluharty, a white engineer who provided support for plaintiff's area. (Exhibit 4, Beasley Decl. ¶ 6). In his deposition, plaintiff indicated that Mr. Fluharty was not terminated:

> Q:   Were you aware that they had also let three other coaches or supervisors for that same reason?
> A:   I don't know whether they was the same reason, <u>but they wasn't terminated</u> … .
> (Exhibit 1, Pl. Depo. p. 110:11-20) (emphasis added).

In contradiction of his deposition testimony, plaintiff's Affidavit now states that Mr. Fluharty was terminated before plaintiff:

> 15.   Kelvin Fluharty was terminated long before I was.
> (Tolbert Aff. ¶ 15).

In fact, Mr. Fluharty was terminated three months after plaintiff. (Exhibit 1, Supplemental Beasley Decl. ¶1 and Exhibit 1 to Supplemental Beasley Decl.). Because plaintiff's statements are inconsistent with his deposition testimony, the statement in his affidavits about Mr. Fluharty are inadmissible and due to be stricken.

the fact that he and Mr. Milby were not similarly situated. In stating a *prima facie* case, "plaintiff must show that, in [his] job, [he] 'shared the same type of tasks' as the comparators." Cooper v. Southern Co., 390 F.3d 695, 735 (11th Cir. 2004) (citing Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1529 (11th Cir. 1992)) (emphasis added). As established in the summary judgment submissions, Mr. Milby and plaintiff did not share the same type of tasks. Plaintiff has failed to submit any evidence that would defeat defendant's Motion for Summary Judgment.

B.  **Plaintiff Cannot Demonstrate Pretext In Briggs' Legitimate, Nondiscriminatory Reason for Plaintiff's Discharge**

In his Affidavit, plaintiff attempts to challenge defendant's reason for discharging him (*i.e.*, poor performance). Specifically, plaintiff states that "[m]achine failure was the cause of any significant loss of reproduction [sic]." (Tolbert Aff. ¶ 7). Plaintiff's assertion concerning the reason for low production lacks the requisite factual support to be admissible. Plaintiff does not explain how he is qualified to determine that machine failure caused any low production. Further, plaintiff basically admits that his assertions about the cause of low production are based only on his opinion. (Tolbert Aff. ¶ 12) ("50% could have been a result of down machinery, … .") (emphasis added). Therefore, these statements are inadmissible and due to be stricken.

9

In his Affidavit, plaintiff also describes an e-mail[4] in which one of his supervisors stated that he had a "hard on" for plaintiff. (Tolbert Aff. ¶ 17). In describing the e-mail, plaintiff's Affidavit states:

> 17. The e-mail <u>insinuates</u> that the manager was out to see me fall down.
> (Tolbert Aff. ¶ 17) (emphasis added).

Although plaintiff is clearly admitting that this statement is based only on his subjective opinion, the statement is also inconsistent with his prior deposition testimony. When questioned about the e-mail, plaintiff never stated that he believed this supervisor had any type of animus against plaintiff. (Exhibit 1, Pl. Depo. p. 49:11-20). In fact, plaintiff testified as if he did not understand what was meant by the e-mail:

> Q: Okay. Let's move on now. Anything else from that '96 to 2003 time frame?
> A: Yes.
> Q: Okay.
> A: I've had – well, I've seen an e-mail, one of the managers that I had to work with quite often said he had a hard-on for me. And I'm like, I'm not a female so why you got a hard-on for me?
> (Exhibit 1, Pl. Depo. p. 49:11-20).

The statement in plaintiff's Affidavit about the e-mail, which is an obvious attempt to change his prior deposition testimony, is due to be stricken and

---

[4] This e-mail was possibly written eight years before plaintiff's termination. (Exhibit 1, Pl. Depo. p. 49:11-20).

101993.1

cannot support plaintiff's opposition to defendant's Motion for Summary Judgment.[5]

C. **<u>Plaintiff Cannot Establish A *Prima Facie* Case Of Discriminatory Failure To Promote, And He Cannot Demonstrate Pretext In Briggs' Legitimate, Nondiscriminatory Reason</u>**

Plaintiff's promotion claim is based on plaintiff's unsubstantiated belief that Mr. Milby was promoted into a position for which plaintiff was in line to receive. Mr. Milby was <u>not promoted</u> after plaintiff's termination. (Exhibit 2, Smith Depo. pp. 83:14-84:20; Exhibit 4, Beasley Decl. ¶ 9). Furthermore, there is no evidence that plaintiff was being considered for a

---

[5] Plaintiff's statement about the meaning of the e-mail is also irrelevant. As explained in defendant's summary judgment submissions, plaintiff was obligated to file an EEOC charge within 180 days of learning of any alleged disparate treatment. However, plaintiff did not file a charge until March 25, 2005, which was well outside of the 180 day period. (Exhibit 1, Pl. Depo. p. 126:3-13 and Exhibit 5 to Exhibit 1, Pl. Depo.). Because plaintiff did not timely file such a charge, any claims arising between 1996 and mid-2003 under Title VII fail as a matter of law.

In his deposition, plaintiff identified several other events that he believed gave rise to possible claims of discriminatory compensation, assignment and terms and conditions of employment: (1) selecting his lead setups (Exhibit 1, Pl. Depo. pp. 35:22-36:6, 36:9-40:18, 39:3-16, 40:19-41:3; Exhibit 4, Beasley Decl. ¶ 12); (2) selecting his furniture (Exhibit 1, Pl. Depo. pp. 44:21-48:16, 49:1-10, 58:1-59:13, 62:2-15); (3) disciplining his hourly employees (Exhibit 1, Pl. Depo. pp. 49:21-50:13, 51:3-10, 52:11-53:17, 54:1-16); (4) additional training (Exhibit 1, Pl. Depo. pp. 63:2-10, 64:5-13); (5) pay raises (Exhibit 1, Pl. Depo. p. 68:7-21) and (6) an incident with John Frantz. (Exhibit 1, Pl. Depo. pp. 83:9-86:21, 87:6-8). Plaintiff never suffered an adverse employment action with respect to any of these events. <u>See</u> <u>Davis v. Town of Lake Park</u>, 245 F.3d 1232, 1239 (11th Cir. 2001). Moreover, as all of these events also occurred between 1996 and mid-2003, any claims arising from the same are untimely. Although plaintiff now argues that these events constitute a continuing violation of discrimination, this argument is without merit. As each of these acts is a discrete act, plaintiff's "continuing violation" argument fails. <u>See</u> <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109, 113-14, 122 S.Ct. 2061, 2070, 2072-73 (2002). Even if the court finds these claims to be timely, they still fail because plaintiff did not oppose defendant's arguments concerning the merits of these claims.

11

promotion or that he had been promised a promotion by management. (Exhibit 2, Smith Depo. p. 88:9-16; Exhibit 4, Beasley Decl. ¶ 9).

Although plaintiff's Affidavit states that Mr. Milby's promotion was announced or posted, this assertion lacks the requisite factual support to be admissible. (Tolbert Aff. ¶ 16). Throughout this litigation, plaintiff has contended that Mr. Milby was promoted <u>after</u> plaintiff's termination. As plaintiff was no longer employed with Briggs, he has not explained how he knows that Mr. Milby's alleged promotion was posted or announced. During his deposition, plaintiff admitted that, other than rumors and his own subjective beliefs, he had no personal knowledge as to whether Mr. Milby was promoted. (Exhibit 1, Pl. Depo. pp. 112:9-113:17). Based on the lack of factual support for the statements in plaintiff's Affidavit and plaintiff's efforts to inaccurately shade his prior deposition testimony, his statements about Mr. Milby's alleged promotion are inadmissible and due to be stricken.

## CONCLUSION[6]

Based on the above and foregoing, defendant respectfully requests that this Court grant its Motion to Strike Plaintiff's Affidavit. In the event

---

[6] In fact, plaintiff failed to argue the merits of his claims of discriminatory compensation, assignments and terms and conditions of employment and absolutely failed to oppose defendant's motion for summary judgment on plaintiff's claim of intentional infliction of emotional distress.

12

101993.1

that this Court denies defendant's Motion to Strike Plaintiff's Affidavit, defendant is still entitled to judgment as a matter of law on all of plaintiff's claims because plaintiff has failed to show that any genuine issues of material fact exist as to his claims.

Respectfully submitted,

*s/ Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
E-Mail:  tdavis@constangy.com
Tamula R. Yelling (ASB-9447-E61T)
E-Mail:  tyelling@constangy.com

***Counsel for Defendant***

**CONSTANGY, BROOKS & SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 252-9321
Facsimile:   (205) 323-7674

101993.1

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle Hodge, Esq.
Law Offices of Juraldine Battle-Hodge, P.C.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
E-Mail: battleb@bellsouth.net

    *s/ Thomas A. Davis*
    Counsel of Record

101993.1