**RECEIVED**

2008 JAN -2 A 11: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

December 28, 2007

**Appeal Number: 07-11109-BB**
Case Style: Elvis Tolbert v. Briggs and Stratton, Corp.
District Court Number: 05-01149 CV-T-E

TO:   Debra P. Hackett

CC:   Juraldine Battle-Hodge

CC:   David Turner Wiley

CC:   Tamula R. Yelling

CC:   Thomas A. Davis

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

RECEIVED
2008 JAN -2 A 11: 45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

For rules and forms visit
www.ca11.uscourts.gov

December 28, 2007

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-11109-BB**
Case Style: Elvis Tolbert v. Briggs and Stratton, Corp.
District Court Number: 05-01149 CV-T-E

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: Two Volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-11109

District Court Docket No.
05-01149-CV-T-E

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 29, 2007

THOMAS K. KAHN
CLERK

ELVIS TOLBERT,

    Plaintiff-Appellant,

versus

BRIGGS AND STRATTON, CORPORATION,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: November 29, 2007
For the Court: Thomas K. Kahn, Clerk
        By: Gilman, Nancy



ISSUED AS MANDATE
DEC 28 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-11109
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01149-CV-T-E

ELVIS TOLBERT,

Plaintiff-Appellant,

versus

BRIGGS AND STRATTON, CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(November 29, 2007)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Elvis Tolbert, an African-American male, appeals the summary judgment

entered in favor of his former employer, Briggs and Stratton Corporation, and against Tolbert's complaint of illegal termination and failure to promote based on racial discrimination. See 42 U.S.C. § 2000e-2(a). The district court granted summary judgment in favor of Briggs on the grounds that Tolbert failed to present evidence that the stated reason for his termination, poor job performance, was pretextual, and failed to present a prima facie case of discriminatory failure to promote. We affirm.

We review a grant of summary judgment de novo. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing the record, "we view the evidence in the light most favorable to the non-moving party." Wilson, 376 F.3d at 1085.

Because Tolbert does not have direct evidence of discrimination, he relies on circumstantial evidence under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981). See Vessels

2

v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767–68 (11th Cir. 2005). An employee is entitled to an inference of discrimination when he establishes a prima facie case. To establish a prima facie case of discriminatory termination, an employee may prove that "[he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Wilson, 376 F.3d at 1087. After the employee establishes a prima facie case, the employer must articulate a non-discriminatory basis for its employment decision. Id. If the employer articulates a non-discriminatory basis for its decision, then employee's burden is to establish that the non-discriminatory reason is pretextual. Id.

Even if we conclude, as the district court did, that Tolbert established a prima facie case of illegal termination, Tolbert's complaint fails because he failed to present evidence sufficient to establish that the non-discriminatory reason articulated by Briggs for Tolbert's termination was pretextual. Briggs presented evidence that it terminated Tolbert because of his poor job performance. To prove pretext, Tolbert had to present evidence to establish "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels, 408 F.3d at 771 (quoting Cooper v.

Southern Co., 390 F.3d 695, 725 (11th Cir. 2004)).

Other than his own assertion that his performance was not poor, Tolbert presented no evidence to rebut the evidence of his poor job performance. Tolbert also failed to present evidence that other employees who performed equally poorly were not terminated. Because of Tolbert's failure of proof, there is not a genuine issue of material fact about the reason for his termination.

Tolbert's complaint about the denial of a promotion also fails. To establish a prima facie case of discrimination in the denial of a promotion a plaintiff may present evidence that (1) he "belonged to a protected class," (2) "was qualified for and applied for a position that the employer was seeking to fill," (3) "despite qualifications, he . . . was rejected," and (4) "the position was filled with an individual outside the protected class." Vessels, 408 F.3d at 768. Tolbert failed to present evidence either that he was qualified for a promotion or that a promotion was even offered by Briggs. Because Tolbert failed to establish a prima facie case of discrimination, his promotion claim fails.

The summary judgment in favor of Briggs is

**AFFIRMED.**

4

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia